UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      *Plaintiff*,

v.

CHICAGO THREE HOLDINGS

      *Defendant*.
_____/

Case No. 2:22-cv-11884

District Judge
Gershwin A. Drain

**ORDER GRANTING IN PART RECEIVER'S MOTIONS FOR APPROVAL OF INSURANCE SETTLEMENT, TO COMPEL DEFENDANT TO COMPLY WITH AGREED ORDER APPOINTING RECEIVER AS IT PERTAINS TO INSURANCE SETTLEMENT, TO SHOW CAUSE, AND FOR SANCTIONS [#36, #41]**

This matter is before the Court on two Motions for Approval of Insurance Settlement and other relief filed by Tarantino Properties, Inc. ("Receiver"), the Court Appointed Receiver in this matter. ECF Nos. 7, 36, 41. Receiver filed its first Motion on October 10, 2023, seeking (1) approval of a proposed settlement agreement with Landmark Insurance Company ("Landmark"), (2) an order compelling Chicago Three Holdings ("Defendant") and its affiliates to execute the business income interruption settlement agreement with Landmark, (3) an order of contempt against Defendant and its affiliates for refusing to cooperate with Receiver in violation of this Court's instruction, and (4) an order awarding sanctions against Defendant. ECF

1

No. 36. Receiver filed a second Motion on December 8, 2023, adding that Defendant has been further uncooperative. ECF No. 41. Defendant argues in response that sanctions are unwarranted, as it would be amenable to settlement under certain conditions. ECF No. 38.

Having reviewed the parties' submissions, the Court finds that oral argument will not aid in the disposition of this matter and will resolve it on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated herein, the Court will grant Receiver's Motion in part.

## I.    BACKGROUND

This Court entered an Agreed Order Appointing Receiver and Other Relief on August 16, 2023. ECF No. 7. With this Order, the Court took exclusive jurisdiction over the multi-family commercial property and improvements located at 18115 & 18251 Fitzpatrick Avenue, Detroit, Michigan 48228 ("Receivership Property"). *Id.* at PageID.362. The Order also appointed Receiver, which was given exclusive control over the Receivership Property and tasked with managing the property's daily operations. *Id.* at PageID.362–363. As is relevant here, Receiver was given exclusive control over all "cash, rent, royalties, issues, revenues, income, profits, insurance proceeds, and other benefits . . . under present or future contracts, occupancy agreements, agreements for reimbursement, or otherwise[.]" *Id.* at PageID.363.

Further, Defendant and its agents and affiliates were "directed to cooperate with the Receiver in the transition of the management of the Receivership Property" and to "make immediately available to the Receiver the paper and electronic records required by this Order[.]" *Id.* at PageID.363–364. The Court's Order mandated that all entities other than Receiver be restrained from "doing any act that . . . would constitute a refusal to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court." *Id.* at PageID.551. Receiver now files the instant Motions, arguing that Defendant has caused difficulty in the performance of Receiver's responsibilities. ECF Nos. 36, 41.

As background, Receiver states that there was a fire at the Receivership Property on May 29, 2021, prior to its appointment. ECF No. 36, PageID.552. At this time, Landmark insured the Receivership Property. *Id.* Defendant filed and resolved most insurance claims related to this incident. *Id.* at PageID.552–553. On October 31, 2022, the Court entered the parties' Agreed Order Granting Agreed Motion to Approve Receiver's Adoption of Contracts for the Chicago Crossing Apartments. ECF No. 16. With this Order, the Court approved "the compromise and settlement of the Claims and/or Additional Losses in any amount agreed to by the Parties." *Id.* at PageID.404.

Accordingly, Landmark drafted a settlement agreement and release related to the outstanding business income interruption coverage claim arising from the fire.

3

ECF No. 36, PageID.553. Plaintiff, Landmark, and the Receiver have agreed to the terms of the agreement, but Defendant has refused to sign. *Id.* at PageID.554. Receiver then filed the first Motion to Approve Settlement. ECF No. 36. In response, "Defendant proposed that in lieu of a settlement agreement, the parties submit an order approving the settlement." ECF No. 41, PageID.616–617 (citing ECF No. 38, PageID.578). However, once Receiver prepared a proposed stipulated order to this effect, Plaintiff and Landmark agreed to its entry, and Defendant again refused to agree. ECF No. 41, PageID.617.

## II. LEGAL STANDARD

It is uncontroversial that this Court always has jurisdiction to enforce its own orders. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379, 114 S. Ct. 1673, 1676 (1994) (stating that the court retains jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees")).

## III. DISCUSSION

Receiver argues that this Court should (1) approve the proposed settlement of the business interruption insurance claim, (2) compel Defendant to sign the proposed settlement agreement, and (3) impose sanctions on Defendant for obstructing Receiver's operations. ECF No. 36, PageID.555–556.

4

### A. Motion to Approve Settlement

Receiver moves the Court to approve the proposed settlement. In the "Agreed Order Appointing Receiver and Other Relief," the parties agreed that the Receiver would have the authority to "[e]nforce, terminate, or approve any contracts and/or agreements regarding the Receivership Property, subject to Plaintiff's approval." ECF No. 7, PageID.372. The Court finds that the insurance settlement agreement, which the parties agree is related to a fire on the Receivership Property, is a contract or agreement related to the Receivership property as contemplated by this provision. *Id.* Further, there is no dispute that Plaintiff agrees to the terms of the settlement. Thus, as the Court has already granted Receiver the authority to approve such a contract, and because Defendant does not object to the settlement terms (ECF No. 38, PageID.574), the Court will invoke its jurisdiction and approve the settlement.

### B. Motion to Compel

Receiver asks the Court to compel Defendant to sign the proposed settlement. Though Defendant does not object to the terms of the settlement agreement, it refuses to sign because the agreement contains an indemnity clause that Defendant "knows it cannot perform." ECF No. 38, PageID.576. According to Defendant, its affiliated entities "will not be in a position to pay further money or honor an indemnity agreement" because their "assets are in receivership or have been sold."

5

*Id.* Further, Defendant challenges the provision of the settlement agreement that implicates the entities' employees and owners in any potential indemnification. *Id.*

To resolve this conflict, Defendant proposes that the parties incorporate certain language from the settlement into an order of the Court. *Id.* at PageID.578. Defendant represents that the parties have worked to collaborate on language to this effect (*id.*), and the Court has received a proposed order incorporating the settlement language. These terms will be outlined and entered below. As this resolves Receiver's dispute, the Court will deny its Motion to Compel as moot.

**C. Motion for Sanctions**

Receiver asks the Court to impose an award of $5,000 in sanctions against Defendant and its affiliates, which would be applied to the Receivership estate. ECF No. 36, PageID.559. Receiver believes sanctions are warranted because Defendant and its affiliates have refused to cooperate with the Receiver in its effort to settle the business interruption insurance claim. *Id.* at PageID.558. Defendant argues in response that it is not required under the Court's Order (ECF No. 7) to sign every document requested by Receiver. ECF No. 38, PageID.577. Defendant maintains instead that it has been largely cooperative and has refused to sign the proposed settlement for a legitimate reason. *Id.*

Sanctions are not appropriate here. The Court agrees with Defendant that its failure to sign the settlement agreement is not obviously in violation of the Court's

Order. Further, as Defendant's lone instance of dilatory behavior was based on its honest apprehension, Defendant has not necessarily "refused to cooperate." Accordingly, Receiver's Motion seeking a finding of contempt and its Motion for Sanctions are denied.

## IV. CONCLUSION

For the foregoing reasons, Receiver's Motion for Approval of Insurance Settlement [#36, #41] is **GRANTED**, its Motion to Compel [#36] is **DENIED AS MOOT**, and its Motion to Show Cause and For Sanctions [#36] is **DENIED**.

**IT IS HEREBY ORDERED:**

1. The $103,574.00 settlement reached by Receiver and non-party Landmark American Insurance Company ("Landmark") as to the property insurance claim arising out of a May 29, 2021 fire at 18145 Fitzpatrick Detroit, MI, 48228 under Policy No. LHD918589 ("Policy") and assigned Claim No. 7030159940 ("Claim") is approved and authorized;

2. Within 14 days of entry of this Order, Landmark shall issue and send payment of $103,574.00 via check made payable to "Tarantino Properties, Inc. as Receiver for 18145 Fitzpatrick Detroit, MI, 48228" to 7887 San Felipe, Suite 237 Houston, TX 77063;

3. Landmark's delivery of a check in the amount of $103,574.00 to Receiver shall satisfy all past, present and future claims, whether known or unknown, filed

or unfiled, asserted or unasserted, claimed or unclaimed, which exist or may in the future exist, which heretofore have been or which hereafter may be sustained by any person or entity, including but not limited to Shepherd Investments LLC, MJS Financial Group, LLC, MJS Financial Group 2 LLC, Chicago Three Holdings, LLC, public adjustor Adamntios "Danny" Fragiadakis, and Receiver arising out of or related to, directly or indirectly, the Claim and/or the May 29, 2021 fire;

4. Landmark's delivery of a check in the amount of $103,574.00 to Receiver operates as a release of any and all actions, causes of action, suits, claims, disputes, liabilities, demands, injuries, disputes, obligations, requests, rights, liens, incidental and consequential damage, unfair trade practice, expense, economic loss, interest, costs, expenses, attorneys' fees, or any other type of loss, injury or damage of any kind or description whatsoever, whether arising out of contract, tort, statute, bad faith or other extra-contractual claim, assignment, subrogation or otherwise, at law or in equity, whether known or unknown, filed or unfiled, asserted or unasserted, claimed or unclaimed, which exist or may in the future exist, which heretofore have been or which hereafter may be sustained by any person or entity, including but not limited to Shepherd Investments LLC, MJS Financial Group, LLC, MJS Financial Group 2 LLC, Chicago Three Holdings, LLC, public adjustor Adamntios "Danny" Fragiadakis, and Receiver arising out of or related to, directly or indirectly, the Claim and/or the May 29, 2021 fire.

**IT IS SO ORDERED**.

Dated:  January 22, 2024 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 22, 2024, by electronic and/or ordinary mail.
/s/Aaron Flanigan
for Lisa Bartlett, Case Manager